UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JPD, INC. D/B/A NORTHLAND
MEDICAL PHARMACY, et al.,

      Plaintiffs,                              Case No. 2:07-cv-646
                                                          JUDGE GREGORY L. FROST
     v.                                       Magistrate Judge Mark R. Abel

CHRONIMED HOLDINGS, INC.,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion Regarding Stay of Proceedings Pending Appeal (Doc. # 16), Plaintiffs' memorandum in opposition (Doc. # 22), and Defendant's reply memorandum (Doc. # 23).  For the reasons that follow, the Court **GRANTS** the motion.

On November 2, 2007, this Court issued an Opinion and Order in which it concluded that Defendant's own actions precluded issuance of an order staying this case and directing all or portions of this action to compelled arbitration.  (Doc. # 15.)  Defendant thereafter filed a notice of appeal (Doc. # 17) on November 13, 2007, seeking interlocutory review of the Court's decision.  Defendant now asserts that this Court is either compelled to honor an automatic stay or that, absent an automatic stay, the Court should nonetheless stay additional proceedings until conclusion of the appeal.

In their briefing, the parties have spent a fair amount of time debating whether the Federal Arbitration Act creates an automatic stay.  This Court need not opine on the issue, however, because it concludes that even if not mandated, a stay is appropriate.

1

The Court is cognizant that, in its opinion, Defendant's arguments present serious issues undercutting a likelihood of Defendant succeeding on appeal.  For example, Defendant's self-serving characterization of its July 6, 2007 letter contrasts with the plain language of that document, as the Court discussed previously.  Given that the letter expressly disavowed engaging in § 2.3(b) procedures, which included mandated pre-arbitration talks *pursuant to that section*, it is difficult to accept Defendant's assertion that "[t]he record discloses no steps by [Defendant] to deter, prevent, delay, or hinder the plaintiffs from starting an arbitration proceeding . . . ." (Doc. # 16, at 8.)

Moreover, Defendant's similar contention that the Court erred by "reassign[ing] to itself" the sufficiency of Plaintiffs' *objection* to Defendant's calculations is wholly misguided.  (Doc. # 16, at 9.)  The Court's prior decision explained that Defendant's refusal to proceed to § 2.3(b) inter-party talks (and possibly arbitration) made the issue of *arbitration* one for judicial disposition, not the issue of the sufficiency of the *objection*.  Thus, the Court's decision did not turn on the sufficiency of the objection; rather, the Court's decision was based on Defendant's conduct in response to the objection, regardless of whether the objection was sufficient.  Defendant's assertion to the contrary does not present a strong substantive theory for appeal, but instead indicates an obtuse misdirection that cannot be regarded as likely to succeed before the court of appeals.

Equally inconsistent with Defendant's appellate success is the company's assertion that this Court found prejudice to exist only in the fact that a lawsuit exists.  It is indeed true, as Defendant notes, that another judge in this District has stated that "courts have noted that, without more, pretrial expense and delay are insufficient to demonstrate prejudice." *Reidy v.*

*Cyberonics, Inc.*, No. 1:06-cv-249, 2007 WL 496679, at *8 (S.D. Ohio Feb. 8, 2007).  This statement does not provide the dispositive mantra that Defendant suggests, however, because the instant action presents the "*more*" than mere pretrial expense and delay.  Here, as the Court previously explained, Defendant's letter explicitly disavowed entering *into* § 2.3(b) discussions and in fact presented only the limited possibility of discussions *extrinsic to* § 2.3(b).  Plaintiffs thus incurred prejudice as a result of having lost the availability of the § 2.3(b) pre-arbitration procedures, which would have enabled potential arbitration.  In this manner, Defendant thus led Plaintiffs to incur prejudice by having to file this lawsuit as a result of having lost the expedited alternative dispute resolution procedures contemplated in the agreement.  This loss was to Plaintiffs' obvious detriment, given that it multiplied any delay in receiving a prompt, conclusive decision on its contest of Defendant's numbers.

The Court wonders whether, if Plaintiffs had sought to assert a right to arbitration immediately after receiving Defendant's July 6, 2007 letter, Defendant would have responded by asserting that arbitration was unavailable to Plaintiffs because they had not engaged in the mandated § 2.3(b) pre-arbitration negotiations–negotiations that Defendant implicitly, if not arguably explicitly, disavowed in the July 6, 2007 letter. But Defendant cannot deny its own words whenever the company thinks it will benefit by doing so: first, by ignoring the arbitration clause language, and second, by ignoring the letter language that rejected application of the arbitration clause procedures.   Thus, Defendant's belated contention that arbitration is and always has been available to Plaintiffs rings notably hollow when, to reach that result, this Court and any other court would have to ignore what Defendant *said* in writing in favor of what the company *now* says it *meant*.  After-the-fact recasting of plain language is impermissible revision

that cannot present Defendant with the refuge from litigation it seeks. Defendant's conduct prejudiced Plaintiffs by denying them the pre-arbitration procedure of § 2.3(b) discussion or negotiation, which was a prerequisite to § 2.3(b) arbitration. This prejudicial path led to the filing of the instant lawsuit.

Thus, the Court is not convinced that Defendant presents a likelihood of success on appeal. But, assuming arguendo that the lesser standard discussed by the parties applies, this is not to say that the company has also failed to present a substantial case or argument on the merits that, when coupled with more weighty equities favoring a stay, enable Defendant to receive the relief it seeks.

A stay would prevent the expenditure of potentially unnecessary resources by the Court and by the parties. Arguably contrary to Plaintiffs' argument, the focus of the appeal–the ability to arbitrate–necessarily impacts reaching the merits of most of this action. To proceed on any ground would risk unnecessary and potentially counterproductive bifurcation of litigation. The first asserted substantial injury to Plaintiffs that they insist a stay would promote, the loss of funds, can be remedied by later monetary compensation. The second injury Plaintiffs assert, a loss of evidence, is unlikely. A stay would not likely result in the loss of evidence, given that the relevant information is largely numerical and the parties are on notice of their ongoing duty to preserve potential evidence in light of litigation. There is no basis to conclude that Defendant would risk the severe sanction that would accompany the destruction or dubiously convenient loss of potential evidence. Mere delay in obtaining evidence is not losing access entirely to evidence. There is also no basis to conclude that the risk of misplaced or lost evidence here is any greater than in any case in which a stay is sought.

The Court is aware of Plaintiffs' concern that a stay would reward Defendant by creating "continued delay" and a "diversion of judicial resources." (Doc. # 22, at 9.) The expenditure of judicial resources favors a stay here, however, and Defendant has the statutory right to its appeal. Under the specific circumstances of this action, the resources of the Court and the parties would best be expended in one proceeding that encompasses the entirety of the claims asserted.

Thus, assuming arguendo that the Court has not already been divested of jurisdiction, the Court concludes for the foregoing reasons that a stay, if not automatic, is indeed still warranted. The Court therefore **GRANTS** Defendant's motion and **STAYS** this action until further order. (Doc. # 16.) The Clerk shall designate the action as administratively closed subject to reactivation upon notice that the appellate proceedings have concluded or that some other event, such as a settlement, has occurred.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE